IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LADARIS LEMMON JACKSON, ) <br> Reg. No. 17164-002, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | CASE NO. 2:23-CV-680-WKW <br> [WO] |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Ladaris Lemmon Jackson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Civ. Doc. # 1)[1] and his amended § 2255 motion (Civ. Doc. # 14) were reassigned to the undersigned on October 8, 2025. For the reasons to follow, Petitioner's § 2255 motion and his amended § 2255 motion will be denied.

### **I.   BACKGROUND**

In 2017, Petitioner pleaded guilty to one count of being a felon in possession of a firearm and one count of possession of marijuana.[2] *See United States v. Jackson*,

---

[1] References to documents filed in this case are designated "Civ. Doc." and references to documents filed in the underlying criminal case (Case No. 2:17-CR-107) are designated "Crim. Doc."

[2] At the change-of-plea hearing before Magistrate Judge Wallace Capel, Petitioner was informed of the maximum penalty for each offense:

> On Count 1, the maximum penalty is no more than ten years; no more than a $250,000 fine or twice the gross loss to the victim or twice the gross gain to the

2:17-CR-107 (M.D. Ala. Mar. 3, 2017). He was sentenced to 37 months' imprisonment with a 3-year term of supervised release to follow. (Crim. Doc. # 40 at 2, 3.) Petitioner did not appeal his judgment of conviction or sentence, and he served the imposed sentence. His supervised release commenced on April 3, 2020. (*See* Crim. Doc. # 70.) As a condition of his supervised release, he was prohibited from committing another federal, state, or local crime. (Crim. Doc. # 40 at 3.)

On February 8, 2023, Petitioner's probation officer submitted a petition for a warrant to revoke Petitioner's term of supervised release. (Crim. Doc. # 68.) The revocation petition stated that Petitioner had been charged with shooting or discharging a weapon into an occupied building or vehicle, a Class B felony, in violation of Alabama Code § 13A-11-61. (Crim. Doc. # 68.) Hence, the probation officer alleged that Petitioner had violated the term of his supervised release that prohibited him from committing a state crime. (Crim. Doc. # 68.) The court issued the warrant. (Crim. Doc. # 70.) Following a revocation hearing at which Petitioner pleaded no contest to the charge, Petitioner's supervised release was revoked on May 31, 2023, and he was sentenced to 24 months in prison with 12 months of supervised

---

defendant, whichever is greatest; no more than three years' supervised release; and a hundred dollar assessment. On Count 2, no more than one year imprisonment; no less than a thousand dollar fine or twice the gross loss to the victim or twice the gross gain to the defendant, whichever is greatest; no more than one year supervised release, and a $25 assessment fee.

(Crim. Doc. # 107 at 3–4.)

release to follow.³ (Crim. Doc. # 88.) The judgment on revocation of supervised release was entered on June 1, 2023. (Crim. Doc. # 88.) Petitioner timely appealed the judgment (Crim. Doc. # 90), and on February 7, 2024, the Eleventh Circuit affirmed the 24-month sentence with 12 months of supervised release (Crim. Doc. # 103).

In November 2023,⁴ Petitioner filed a 28 U.S.C. § 2255 motion, arguing that he did not knowingly, voluntarily, or intelligently enter his 2017 guilty plea. (Civ. Doc. # 1 at 4.) He asks the court to "vacate the December 1, 2017 sentencing order imposing a term of supervised release and any other action to cure the clear miscarriage of justice." (Civ. Doc. # 1 at 14.) Subsequently, Petitioner filed a motion to amend his § 2255 motion (Civ. Doc. # 12), which the court granted (Civ. Doc. # 13). In his "amended" § 2255 motion, Petitioner argues that 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, is unconstitutional as applied to him.

---

³ When asked if there were any objections to the sentence, Petitioner's counsel orally objected to the additional term of supervised release imposed. (Crim. Doc. # 100 at 49.) The court orally overruled the objection. (Crim. Doc. # 100 at 49–50.) Petitioner's counsel then orally objected to the sentence of imprisonment as "procedurally and substantively unreasonable." (Crim. Doc. # 100 at 50.) The court orally noted and overruled the objection. (Crim. Doc. # 100 at 50.)

⁴ Petitioner's § 2255 motion was received and docketed by the court on November 20, 2023, but was signed under penalty of perjury and dated November 15, 2023. (*See* Civ. Doc. # 1 at 14.) Pursuant to the prison mailbox rule, the motion was filed on November 15, 2023. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 244 F.3d 1299, 1301 (11th Cir. 2001).

3

## II.  DISCUSSION

Petitioner's claims challenging his December 1, 2017 judgment of conviction and sentence are time-barred.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a motion under 28 U.S.C. § 2255.  Section 2255 provides in relevant part:

> A 1-year limitation shall apply to a motion under this section. The limitation shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also* Rule 3(c), *Rules Governing Section 2255 Proceedings for the United States District Courts*.

Petitioner contends that he submitted his § 2255 motion within the one-year limitations period because "he did not and could not discover the claims raised [in the motion] until May 31, 2023, when the district court imposed a consecutive term of supervised release, a sentence that was not a part of the original December 1, 2017

4

challenged sentence." (Civ. Doc. # 1 at 13.) However, during his change-of-plea proceeding, Petitioner was warned that "if [he] were placed on supervised release and [he] violated the conditions of supervised release, [he] could be given an additional amount of time in prison." (Crim. Doc. # 107 at 7.) Petitioner then indicated that he understood this warning, and his guilty plea was accepted. (Crim. Doc. # 107 at 7, 12). Based on this record, Petitioner's claim of being unaware of the grounds for his motion until May 31, 2023, is unfounded.

After the original judgment of conviction was entered on December 1, 2017, Petitioner had 14 days to appeal. *See* Fed. R. App. P. 4(b)(1)(a)(i). However, he did not appeal within this time period. The Eleventh Circuit has concluded that a judgment of conviction becomes final when the time to appeal expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *see also Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). Accordingly, Petitioner's December 1, 2017 judgment of conviction became final on December 15, 2017—14 days after its entry and the date on which the deadline to appeal expired. Petitioner did not file the instant § 2255 motion until November 15, 2023—just shy of six years after the judgment of conviction became final.

Additionally, Petitioner did not file his amended § 2255 motion until August of 2024.[5] In his "amended" motion, Petitioner presumably challenges his original judgment of conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[6] Specifically, Petitioner argues that § 922(g)(1) violates his Second Amendment rights, so "his sentence should be vacated and he should be released from prison immediately." (Civ. Doc. # 12 at 1–2, ¶¶ 1–4.) If Petitioner is asking the court to vacate his December 1, 2017 judgment of conviction and sentence, then his claims are time-barred. *See* § 2255(f)(1). On the other hand, if Petitioner is challenging the judgment on revocation of supervised release, then his amended § 2255 motion would be timely.[7] But to be clear, Petitioner cannot use

---

[5] Petitioner's "amended" § 2255 motion was received and docketed by the court on August 26, 2024. However, the motion was signed under penalty of perjury and dated August 19, 2024. (*See* Civ. Doc. # 12 at 3.) Under the prison mailbox rule, the amended motion was filed on August 19, 2024. *See Houston*, 487 U.S. at 271–72; *Washington*, 244 F.3d at 1301.

[6] Petitioner does not expressly state that he is challenging his original judgment of conviction and sentence, but his original judgment was based on a violation of 18 U.S.C. § 922(g), which he now argues infringes upon his Second Amendment rights.

[7] The judgment on revocation of supervised release was entered on June 1, 2023. (Crim. Doc. # 88.) Petitioner timely appealed to the Eleventh Circuit. (Crim. Doc. # 90.) As held by the Supreme Court: "For the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Supreme Court Rule 13(3) states that a petition for writ of certiorari must be filed within 90 days of the appellate court's entry of judgment. *McWhorter v. United States*, 2014 WL 495260, at *2 (M.D. Ala. Feb. 5, 2014). The Eleventh Circuit entered judgment affirming Petitioner's conviction and sentence on February 7, 2024. (Crim. Doc. # 104.) Thus, Petitioner had 1 year and 90 days (*i.e.*, until May 4, 2025) to timely file a § 2255 motion. He filed his amended § 2255 motion on August 19, 2024. (*See* Civ. Doc. # 12.)

a § 2255 motion to challenge a supervised-release revocation judgment as a means to circumvent the one-year limitations period for challenging the validity of the original judgment of conviction or sentence. *Cf. United States v. Nicolas*, 490 F. App'x 300, 303 (11th Cir. 2012) (per curiam) ("[A] defendant, facing re-incarceration upon the revocation of supervised release, may not sidestep Section 2255 and challenge the validity of his original sentence during the revocation proceedings." (citing *United States v. Almand*, 992 F.2d 316, 317–18 (11th Cir. 1993))); *United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005) (per curiam) ("[T]o the extent [the defendant] is attempting to challenge the district court's original imposition of three years' supervised release, a defendant may not challenge, for the first time on appeal from the revocation of supervised release, his sentence for the underlying offense." (citing *Almand*, 992 F.2d at 317–18)).

Moreover, Petitioner's amended motion fails on the merits for at least two reasons. First, it is well-settled that depriving convicted felons of their right to bear arms does not run afoul of the Second Amendment. *See, e.g.*, *District of Columbia v. Heller*, 554 U.S. 570, 626–27 & n.26 (2008) (identifying longstanding prohibitions on the possession of firearms by felons as a presumptively lawful regulatory measure); *see also United States v. Pettway*, 2025 WL 1905659, at *6 (11th Cir. July 10, 2025) (per curiam) ("[O]ur binding precedent holds that bans on felon firearm possession do not offend the Second Amendment in light of this

7

nation's 'longstanding prohibitions on the possession of firearms by felons,' regardless of the particular circumstances of any defendant." (quoting *Heller*, 554 U.S. at 626)). Second, although the revocation of Petitioner's supervised release was based on an alleged state criminal offense involving a firearm, the specific charge was for shooting or discharging a weapon into an occupied vehicle, in violation of § 13A-11-61 of the Alabama Code. This state charge was unrelated to his felony status.

Petitioner's amended § 2255 motion is time-barred because it challenges the constitutionality of 18 U.S.C. § 922(g), which serves as a basis for his original judgment of conviction and sentence. However, even if the amended § 2255 motion is deemed timely as a challenge to the judgment on revocation of Petitioner's supervised release, it fails on the merits based on established precedent upholding firearm-possession bans for felons.

### III.  CONCLUSION

Based on the foregoing, it is ORDERED that Petitioner's 28 U.S.C. § 2255 motion (Civ. Doc. # 1) and his amended § 2255 motion (Civ. Doc. # 14) are DISMISSED with prejudice.

Final Judgment will be entered separately.

DONE this 16th of October, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE